**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

In re:

**SMHC LLC,** *et al.*[1]

             Debtors.

_____/

Case No. 14-45579
Chapter 11
Jointly Administered
Hon. Marci B. McIvor

**STIPULATION FOR ENTRY OF
ORDER APPROVING AND CONFIRMING
FIRST AMENDED COMBINED DISCLOSURE
STATEMENT AND PLAN OF REORGANIZATION**

Debtors, SMHC LLC ("SMHC") and Value Homes, L.L.C. ("Value Homes") (collectively, "Debtors"), Talmer Bank and Trust ("Talmer"), Signature Bank ("Signature"), and the United States Trustee, by and through their respective counsel, hereby stipulate to the entry of the attached Order Approving and Confirming First Amended Combined Disclosure Statement and Plan of Reorganization.

---

[1] The Debtors in these jointly administered Chapter 11 cases are SMHC LLC (Case No. 14-45579) and Value Homes, L.L.C. (Case No. 14-45581).

**APPROVED AS TO FORM AND CONTENT:**

| **Kerr, Russell and Weber, PLC** | **Rich & Campbell, P.C.** |
|---|---|

By: /s/ Jason W. Bank
    Jason W. Bank (P54447)
Counsel for Debtors
500 Woodward Avenue
Suite 2500
Detroit, MI 48226
(313) 961-0200
jbank@kerr-russell.com

By: /s/ Timothy M. Kaufmann
    Kenneth A. Rich (P38349)
    Timothy M. Kaufmann (P75347)
Attorneys for Talmer
30665 Northwestern Hwy., Suite 201
Farmington Hills, MI 48334
(248) 406-8000
krich@richandcampbell.com
tkaufmann@richandcampbell.com

**Smith Martin Powers & Knier, P.C.**

By: /s/ Henry L. Knier
    Henry L. Knier, Jr. (P46393)
Attorney for Signature Bank
900 Washington Avenue
P.O. Box 219
Bay City, MI 48707
(989) 892-4574
hknier@smpklaw.com

**Daniel M. McDermott**
**United States Trustee**
**Region 9**

By: /s/ Kelley Lynn Jo Callard
    Kelley Lynn Jo Callard (P68537)
U.S. Dept. of Justice
211 West Fort Street, Suite 700
Detroit, MI 48226
(313) 226-7911
kelley.callard@usdoj.gov

Dated: September 8, 2014

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

**SMHC LLC,** *et al.*[1]

Debtors

_____/

Case No. 14-45579
Chapter 11
Jointly Administered
Hon. Marci B. McIvor

# ORDER APPROVING AND CONFIRMING FIRST AMENDED COMBINED DISCLOSURE STATEMENT AND PLAN OF REORGANIZATION

Debtors, SMHC, LLC ("SMHC") and Value Homes, L.L.C. ("Value Homes") (collectively, "Debtor" or "Debtors") have filed a First Amended Combined Disclosure Statement and Plan of Reorganization (the "Plan") in the above-captioned Chapter 11 proceeding. Debtors seek entry of this Order Approving and Confirming First Amended Combined Disclosure Statement and Plan of Reorganization (the "Confirmation Order"). All capitalized terms not defined herein have the meanings ascribed to them in the Plan, and the Court otherwise being fully advised in the premises;

---

[1] The Debtors in these jointly administered Chapter 11 cases are SMHC LLC (Case No. 14-45579) and Value Homes, L.L.C. (Case No. 14-45581).

{36550/1/DT884498.DOC;1}

**THE COURT FINDS THAT:**

A. On April 1, 2014 (the "Petition Date"), SMHC filed a Voluntary Petition under Chapter 11 of the United States Bankruptcy Code (the "Code" or "Bankruptcy Code"), thereby commencing Case No. 14-45579. Also on April 1, 2014 (the "Petition Date"), Value Homes filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code, thereby commencing Case No. 14-45581.

B. The Court has jurisdiction over each of the bankruptcy cases of the Debtors (the "Bankruptcy Cases") pursuant to 28 U.S.C. §§157 and 1334. Venue before this Court is proper pursuant to 28 U.S.C. §§1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. §157(b)(2).

C. On April 4, 2014, the Court entered an Order Directing Joint Administration of the Debtors' Chapter 11 Cases in each of the Bankruptcy Cases, thereby directing the filing of most documents under Case No. 14-45579.

D. On June 6, 2014, the Debtors filed a Combined Disclosure Statement and Plan of Reorganization (the "Original Plan", Doc. 46).

E. On June 11, 2014, the Court entered the Order Conditionally Granting Preliminary Approval of the Disclosure Statement (the "Confirmation Procedures Order") (Doc. 49), which among other things, set the date for the Confirmation Hearing and deadline to return ballots or object to the Original Plan.

F. The Debtors served a copy of the Original Plan, the Confirmation Procedures Order and a Ballot to all holders of Claims or Interests as required by the Confirmation Procedures Order and Federal Rules of Bankruptcy Procedure 2002(b), 3017(d) and 3018.

G. Talmer Bank & Trust ("Talmer") and Signature Bank ("Signature") raised objections to the Original Plan. No objections to confirmation of the Plan were filed.

H. On September 5, 2014, Debtors filed their First Amended Combined Disclosure Statement and Plan of Reorganization (the "Plan" or "First Amended Plan", Doc. #68). The First Amended Plan, along with this Confirmation Order, resolves the objections filed by Talmer and Signature.

I. On September 5, 2014, Debtors filed their Report on Confirmation of the Plan (the "Ballot Report", Doc. 69) which outlines the voting for each Class under the Plan. Based upon the Ballot Report, all Impaired Classes of Creditors, have voted to accept the Plan.

J. On September 9, 2014, the Court considered confirmation of the Plan (the "Confirmation Hearing").

K. The Debtors, as proponent of the Plan, have complied with the applicable provisions of the Bankruptcy Code, and the Plan has been proposed in good faith and not by any means forbidden by law.

L. The Debtors, upon the Effective Date of the Plan, will become the Reorganized Debtors. The Reorganized Debtors will be owned and managed by Ralph Scofield and Steven Combs under the same terms and conditions that existed prior to the Petition Date.

M. Ralph Scofield and Steven Combs, as members of SMHC and Value Homes, hereby consent to the jurisdiction of the Bankruptcy Court with respect to the orders made herein relative to the claims or potential claims of all creditors of SMHC and Value Homes.

N. Each holder of an Impaired Claim has accepted the Plan or will receive or retain under the Plan on account of such Claim property of a value, as of the Effective Date, that is not less than the amount that such holder would receive or retain if the Debtors were liquidated under Chapter 7 of the Bankruptcy Code.

O. The Court may confirm the Plan because all Classes of Impaired Claims have accepted the Plan in accordance with §1129(a)(8).

P. In compliance with section 1129(a)(12) of the Bankruptcy Code, the Plan provides for payment of all fees payable under 28 U.S.C. 1930.

Q. Based upon the foregoing, the Plan, as modified by this Confirmation Order, complies with all applicable provisions of the Bankruptcy Code and the Bankruptcy Rules including without limitation, §§1122 and 1123 of the

Bankruptcy Code. The Plan satisfies all of the requirements of §1129(a) of the Bankruptcy Code and may be confirmed under §1129(a).

R. The modifications to the Plan contained in this Confirmation Order constitute immaterial modifications allowed pursuant to 11 U.S.C. 1127 and do not adversely and materially change the treatment of any Claim or Interest under the Plan, unless expressly agreed to by the holder of the Claim or Interest.

S. The Court has considered the Plan and the record in this Chapter 11 case to date.

T. Sufficient notice of the Plan and the Confirmation Hearing under the circumstances having been given. All creditors and interested parties have had a sufficient opportunity to be heard with respect to the Plan.

**NOW THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Plan (including all of its terms, provisions and exhibits which are incorporated herein by reference) is confirmed under §1129(a), subject to the modifications set forth herein. If there is any conflict between the terms of the Plan and its exhibits and the terms of this Order, the terms of this Order shall govern.

2. Any objections to confirmation of the Plan have been resolved pursuant to the filing of the Plan (as amended) and this Confirmation Order.

3. The Disclosure Statement is granted final approval under 11 U.S.C. §1125.

4. The Court shall retain jurisdiction with respect to the claims or potential claims against SMHC and Value Homes and Ralph Scofield and Steven Combs, as members of SMHC and Value Homes, with respect to any indebtedness arising from claims against SMHC and Value Homes.

5. Upon the failure of the Reorganized Debtors to make payment towards the Talmer Claims as provided in Article III, Class 3.1 that is not cured within 15 days of the mailing of the written notice of default to Ralph Scofield, P.O. Box 430, Avoca, Michigan 48006 (with a copy to Jason W. Bank, 500 Woodward, Suite 2500, Detroit, Michigan 48226), Talmer may file a motion with this Court seeking any relief or remedies available to it, including but not limited, conversion to Chapter 7.

6. In the event of a conversion of this case to a Chapter 7 proceeding, all property of the Debtors, Debtors-in-Possession and Reorganized Debtors, including all property which will revest in the Reorganized Debtors pursuant to confirmation of the Plan, and all property acquired by the Reorganized Debtors subsequent to confirmation shall be property of the Chapter 7 estates.

7. Debtors or the Reorganized Debtors shall pay to the United States Trustee the appropriate sums required pursuant to 28 U.S.C. §1930(a)(6). After

confirmation, and until the case is closed by the Court, the Reorganized Debtors shall pay all post-confirmation fees on all disbursements of the Debtors and the Reorganized Debtors, and shall follow all procedures of the United States Trustee for reporting and tracking such disbursements.

8. Unless expressly waived, relinquished, excluded, released, compromised or settled under the Plan or other Order of the Court, all causes of action which were property of the Debtors on the Petition Date are expressly preserved for, and vested in, the Reorganized Debtors.

9. Any sales or transfers of property in accordance with the Plan are free and clear of all Claims and interests of creditors and equity security holders of the Debtors pursuant to §1141(c).

10. Pursuant to §1146(a) of the Bankruptcy Code, any issuance, transfer or exchange of any security under the Plan, or the making or delivery of any instrument of transfer under the Plan, including the sale, assignment or transfer of any asset, shall not be taxed under any law imposing a stamp tax or similar tax.

11. Notwithstanding the entry of this Order and the occurrence of the Effective Date, this Court shall reserve and retain jurisdiction over these Bankruptcy Cases after the Effective Date to the greatest extent legally permissible, including but not limited to all matters set forth in the Plan.

12. No just reason exists for delay in the implementation of this Confirmation Order. The Court hereby directs entry of the judgment set forth herein. This Confirmation Order is a final and appealable order pursuant to Federal Rules of Bankruptcy Procedure 7054(a) and 9014 and Federal Rule of Civil Procedure 54(b).